COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO. 2-09-099-CR

 

 

WILLIAM CHILTON ACORD                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
William Chilton Acord entered an open plea of guilty to robbery causing bodily
injury and pleaded true to the repeat offender notice.  The trial court sentenced Acord to forty-five
years=
confinement.








Acord=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion. 
Counsel=s brief and motion meet the
requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396
(1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds for relief. 
Acord was given the opportunity to file a pro se brief, but he did not
do so.  The State has not filed a brief.

As the
reviewing court, we must conduct an independent evaluation of the record to
determine whether counsel is correct in determining that the appeal is
frivolous.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d
920, 923 (Tex. App.CFort Worth 1995, no pet.).  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).  Because Acord entered an open
plea of guilty, our independent review for potential error is limited to
potential jurisdictional defects, the voluntariness of Acord=s plea,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty plea. 
See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000).








We have
carefully reviewed the record and counsel=s brief.  We agree with counsel that this appeal is
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex.
Crim. App. 2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex.
Crim. App. 2006).  We therefore grant
counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL: LIVINGSTON, DAUPHINOT,
and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: January 28, 2010











[1]See Tex. R. App. P. 47.4.